MOTOR CARRIER AUDIT & COLLECTION CO., Plaintiff,

v.

PORTION PACKAGING, INC., Defendant.

No. 87 C 6108.

United States District Court, N.D. Illinois, E.D.

April 22, 1988.

---

Paul A. Gajewski, Axelrod, Goodman, Steiner & Bazelon, Chicago, Ill., for plaintiff.

Robert B. Blasio, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Larsh B. Me-

---

whinney, Moore, Berson, Lifflander, Eisenberg & Mewhinney, New York City, for defendant.

## ORDER

BUA, District Judge.

In providing motor carrier services for defendant Portion Packaging ("Portion"), Oneida Motor Freight ("Oneida") allegedly charged a rate below the freight rate it filed with the Interstate Commerce Commission ("ICC"). Plaintiff Motor Carrier Audit & Collection Co. ("MCA & C"), which has purchased Oneida's claims against Portion, now seeks to recover the alleged undercharges. Portion has moved to stay this proceeding, asking the court to refer the case to the ICC for a determination of whether Oneida's filed rates are reasonable.

Portion's motion rests on the mistaken assumption that if the ICC finds Oneida's rates unreasonable, the subsequent reduction of those rates will in turn reduce the amount of Portion's liability in this case. In fact, an ICC ruling at this point in time would have no bearing on the amount of undercharges that MCA & C could recover. Over sixty years ago, the U.S. Supreme Court declared: "The legal rights of shipper as against carrier in respect to a rate are measured by the published tariff. Unless and until *suspended or set aside,* this rate is made, for all purposes, the legal rate, as between carrier and shipper." *Keogh v. Chicago & N.W. Ry. Co.,* 260 U.S. 156, 163, 43 S.Ct. 47, 49–50, 67 L.Ed. 183 (1922) (emphasis added). Recently, both the Supreme Court and the Seventh Circuit have reaffirmed *Keogh*'s filed-rate doctrine. *See Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 409 U.S. 476, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986); *Louisville & Nashville R. Co. v. Mead Johnson & Co.,* 737 F.2d 683 (7th Cir.), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 320 (1984). Thus, even if the ICC now found Oneida's rates unreasonable, MCA & C would still be entitled to recover the difference between the amount paid to Oneida by Portion and the rate on file with the ICC at the time Portion employed Oneida's services.

In light of the filed-rate doctrine, referral of this case to the ICC would serve no purpose. Therefore, Portion's motion is denied.